IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT and
DEREK S. KRAMER,

                              Plaintiffs,

ORDER

10-cv-170-bbc

    v.

RICK RAEMISCH, MICHAEL THURMER,
WILLIAM POLLARD, DENNIS MOSHER
and PETER HUIBREGTSE,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Jonathan Liebzeit and Derek Kramer are prisoners in the Wisconsin Department of Corrections. They have filed a joint complaint in which they challenge restrictions on their ability to practice their religion, Odinism. Both plaintiffs have made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1). Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004) (each prisoner in multiple plaintiff action must pay separate filing fee). Accompanying their complaint are motions for class certification under Fed. R. Civ. P. 23 and for appointment of counsel.

      Having reviewed the complaint, I conclude that plaintiffs' claims are not properly

1

joined under Fed. R. Civ. P. 20. Accordingly, I am denying their motion for class certification and severing the claims. I will screen each plaintiff's claims and consider the motion for appointment of counsel in a separate order.

In their complaint, plaintiffs fairly allege the following facts.

## ALLEGATIONS OF FACT

### A. Jonathan Liebzeit

Plaintiff Jonathan Liebzeit is incarcerated at the New Lisbon Correctional Institution in New Lisbon, Wisconsin. A former Christian, plaintiff now practices the religion of Odinsim, which is also known as Asatru. Liebzeit "was drawn to the emphasis in Odinism placed on the Nine Noble Virtues, codes of conduct, community and family." In May 2007, he designated "Asatru" on the religious preference form of the Wisconsin Department of Corrections.

Odinists practice in groups called "Hearths" or "Kindreds" and in ceremonies called "Blotar." Most "Kindreds" perform "Blotar" once a week. In addition, Odinists worship in groups twelve times a year on holy days. Liebzeit believes that "group worship is necessary for and important to" his religion. He wishes to organize a group of Odinists "to worship, study, and practice the religion together once a week, as well as once a month on Odinist holy days."

2

On November 5, 2008, Liebzeit filed a "Request for New Religious Practice." He "expressed his desire to practice his religion in a group setting and requested the basic essential religious items for worship be allowed for his religion." His request was denied by the chaplain, the program supervisor, "the DAI Central Office" and defendant Michael Thurmer, the warden.

In April 2009, Liebzeit filed a grievance challenging that decision. Defendant Rick Raemisch, Secretary of the Department of Corrections, affirmed the decision to deny the grievance.

## B.  Derek Kramer

Plaintiff Derek Kramer is incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. Formerly, he was incarcerated at the Green Bay Correctional Institution in Green Bay, Wisconsin. A former Buddhist, Kramer is now an Odinist. He "was drawn to and believes that Odinism's focus on tolerance, family, community, virtue and ancestral honor are important guiding principals." In the spring of 2006, Kramer designated "Asatru/Odinism" on the department's religious preference form.

In March 2008, Kramer filed three "Request for New Religious Practice" forms at the Green Bay prison. He "expressed his desire to practice his religion in a group setting . . . and requested the basic essential religious items be allowed for his religion." The chaplain, the

3

program supervisor, the DAI Central Office and defendant William Pollard (the warden) denied these requests.

In September 2008, Kramer filed a grievance challenging this decision. Defendant Raemisch affirmed the denial.

In September 2009, Kramer filed a grievance at the Wisconsin Secure Program Facility in which he complained that he was not allowed to possess a "Thor's Hammer" emblem while confined in segregation. He wrote that "other religious groups similarly situated . . . have their similar religious necklaces/tools and Thor's Hammer is a necessary tool to practice Odinism." Defendant Raemisch affirmed the denial of Kramer's grievance.

Both Kramer and Liebzeit believe that "the offering and consumption of pork is necessary to the exercise of their religion." However, the "Wisconsin Department of Corrections" prohibits Odinists from having pork for "religious feasts/meals and religious diets."

Defendant Dennis Mosher is the program director at Green Bay Correctional Institution. Defendant Peter Huibregtse is the warden of the Wisconsin Secure Program Facility.

DISCUSSION

Under Fed. R. Civ. P. 20(a)(1), "[p]ersons may join in one action as plaintiffs if . .

4

. they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Even when plaintiffs meet these two elements, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." Acevedo v. Allsup's Convenience Stores, Inc., No. 09-10417, – F.3d –, 2010 WL 908678, * 4 (5th Cir. Mar. 15, 2010) (citations omitted).

Although Liebzeit's and Kramer's claims involve some overlapping legal theories, their factual differences outweigh their similarities. With respect to their first claim, both plaintiffs allege that prison officials denied their requests to engage in group religious exercises. However, plaintiffs are housed in different prisons. Nothing in the complaint suggests that plaintiffs' requests were denied because of a common policy across different prisons. Rather, plaintiffs allege that the warden of each prison determined independently to deny each plaintiff's request. This conclusion is supported by the documents plaintiffs attach to their complaint, in which none of the decision makers involved in denying the requests cited a policy of the Department of Corrections. Rather, it seems that officials at each institution had their own reasons for concluding that group worship was unnecessary or inappropriate. Although the Secretary of the department affirmed the denials of plaintiffs' grievances, plaintiffs provide no reason to believe that the Secretary was enforcing a

5

department policy rather than simply deferring to the wardens' decisions.  Thus, joining these claims in one lawsuit would likely create confusion without serving an interest in judicial economy.  E.g., Berry v. Illinois Dept. of Human Services, No. 00 C 5538, 2001 WL 111035, at *17 (N.D. Ill. Feb. 2, 2001) (concluding that joinder was not appropriate in part because plaintiffs' claims occurred at different locations and involved different decision makers).

The same is true of the second claim regarding "essential religious items."  It is impossible to tell from the complaint whether the "essential religious items" for Liebzeit are the same as those for Kramer because they do not list those items.  However, the documents attached to the complaint suggest that plaintiffs did not ask for the same items.  In any event, the only issue regarding religious items identified with any specificity in the complaint is one that relates to Kramer only.  He alleges that he has been denied a Thor's Hammer while housed in segregation, but Liebzeit does not make the same allegation.  Thus, these claims do not arise out of the same set of facts and should not be joined.

If plaintiffs Liebzeit and Kramer cannot join their claims, it follows necessarily that class certification is inappropriate as well.  Fed. R. Civ. P. 23(b)(3) (class certification not appropriate unless "questions of law or fact common to members of the class predominate over any questions affecting only individual members").  Accordingly, plaintiffs' motion for class certification will be denied and the lawsuit will be severed into two lawsuits.  I will

6

screen each plaintiff's claims under 28 U.S.C. § 1915 and consider the motion for appointment of counsel in a separate order.

ORDER

IT IS ORDERED that

1. The motion for class certification filed by plaintiffs Jonathan Liebzeit and Derek Kramer, dkt.#4, is DENIED.

2. This case is SEVERED. Plaintiff Liebzeit's claims against defendants Rick Raemisch and Michael Thurmer shall proceed as case no. 10-cv-170-bbc.

3. The clerk of court is directed to open a new case for plaintiff Kramer's claims against defendant Raemisch, William Pollard and Dennis Mosher .

Entered this 27th day of April, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge