IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT and
DEREK S. KRAMER,

                                                                  ORDER

                      Plaintiffs,

                                                                  10-cv-170-bbc

     v.

RICK RAEMISCH, MICHAEL THURMER,
WILLIAM POLLARD, DENNIS MOSHER
and PETER HUIBREGTSE,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Jonathan Liebzeit and Derek Kramer have filed a motion for reconsideration of the order dated April 27, 2010, dkt. #33, in which I severed the case because I concluded that plaintiff Liebzeit's claims did not arise out of the same facts as plaintiff Kramer's claims, as required by Fed. Civ. P. 20. I am denying the motion, but I will give plaintiffs an opportunity to file an amended complaint showing that joinder is appropriate and providing adequate notice of the claims.

      In the April 27 order, I noted that Liebzeit's and Kramer's claims shared some factual similarities. Both are prisoners in the Wisconsin Department of Corrections who practice

1

Odinsim, also called Asatru. Both allege that prison officials denied their requests to engage in group religious exercise, refused to allow them to possess "basic essential religious items" and refused to allow them to consume pork as part of a religious diet and at religious feasts.

However, I concluded that the differences outweighed the similarities. One potential problem under Rule 20 was that Liebzeit and Kramer are not housed at the same prison. This difference is important with respect to the claims regarding group religious practices because the allegations in the complaint do not suggest that a common policy was responsible for both decisions. Rather, plaintiffs alleged that each warden had decided independently to deny requests to allow Odinists to engage in group worship. With respect to plaintiffs' claims that they had been denied "basis essential religious items," plaintiffs identified only one religious item in their complaint, a Thor's Hammer, but only plaintiff Kramer was alleging that he had been denied a request to have one. Accordingly, I severed this case in accordance with Rule 20 and also denied plaintiffs' motion for class certification under Fed. R. Civ. P. 23.

In their motion for reconsideration, plaintiffs argue that they are challenging a policy "affecting every single prison in the state of Wisconsin." Dkt. #38, at 2. In addition, they say that they "did in fact request the same religious items." Id. at 3. The facts supporting these conclusions are not included in the complaint. However, I will give plaintiffs one more opportunity to file an amended complaint that complies with the joinder requirements of

2

Rule 20 and the notice requirements of Rule 8.

Plaintiffs may have until June 4, 2010, to file an amended complaint that fixes the problems of the original complaint and *replaces* that complaint.  This means that plaintiffs should not file a supplement to the original complaint, but must start from scratch and file a complaint that includes all the information needed to state a claim.  In other words, the amended complaint must tell plaintiffs' entire story on its own.  Plaintiffs should not refer to the original complaint or any other documents.  If plaintiffs believe any information in the original complaint or attachments is important to their claims, they should repeat that information in their amended complaint, including their religious beliefs.

In drafting the amended complaint, plaintiffs should be sure to include specific information. With respect to plaintiffs' claim that prison officials denied their requests to perform group religious exercises, they should answer the following questions:

- What did each plaintiff ask to do?

- At which prison was each plaintiff housed when he made the request?

- Whom did each plaintiff ask?

- What form did the request take?  Was it oral or written?

- What was the response to each plaintiff's request?  Describe the answer given by <u>each official</u> who denied the request and <u>explain his or her reasoning</u> for denying the request.

3

- How was plaintiffs' religious exercise affected by not being able to participate in group worship?
- What leads plaintiffs to believe that the decisions to deny their requests was the result of a policy that is common to all prisons in the Wisconsin Department of Corrections?

In answering these questions, plaintiffs must describe what happened to each of them in separate parts of the complaint. They should not refer generally to "plaintiffs."

Plaintiffs should answer similar questions with respect to their claims about denied religious items:

- Which items did each plaintiff ask for? (Include only those items that are intended to be part of this lawsuit and explain what each item is.)
- At which prison were plaintiffs incarcerated when they asked for each item?
- To whom was each request for a particular item directed?
- What form did the request take? Was it oral or written?
- How did prison officials respond to each request made for a particular religious item? Describe the answer given by <u>each official</u> who denied <u>each</u> request for a particular religious item and <u>explain his or her reasoning</u> for denying the request.
- How was plaintiffs' religious exercise affected by not having a particular item?

4

> Plaintiffs must answer this question with respect to <u>each</u> plaintiff and <u>each</u> item.
> - What leads plaintiffs to believe that the decisions to deny <u>each religious item</u> was the result of a policy that is common to all prisons in the Wisconsin Department of Corrections?

Finally, with respect to plaintiffs' claims that they are being denied pork, they should answer the following questions:

- What requests, if any, has each plaintiff made regarding the consumption of pork in relation to that plaintiff's religion?
- If one or both plaintiffs made such a request, where was each plaintiff housed when he made these requests?
- To whom did each plaintiff make these requests?
- What form did these requests take? Were they written or oral?
- What was the response to these requests?
- What leads plaintiffs to believe that the Department of Corrections has a policy that prohibits Odinists from including pork as part of a religious diet or a religious feast?

If plaintiffs fail to respond to this order by June 4, I will screen each of the plaintiff's claims separately under 28 U.S.C. § 1915.

5

ORDER

IT IS ORDERED that

1. The motion for reconsideration filed by Jonathan Liebzeit and Derek Kramer, dkt. #38, is DENIED.

2. Plaintiffs may have until June 4, 2010, to file a joint amended complaint that complies with Rule 20.

Entered this 24th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge