IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT,

                                                  ORDER

         Plaintiff,

                                                  10-cv-170-slc[1]

    v.

MICHAEL THURMER and SAM APPAU,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an April 27, 2010 order, I severed this case because I concluded that plaintiff Jonathan Liebzeit's claims did not arise out of the same facts as plaintiff Derek Kramer's claims, as required by Fed. Civ. P. 20; Liebzeit's claims remained in the present case and Kramer's claims were opened in case no. 10-cv-224-slc. Also, I denied plaintiffs' motion for class certification. Now before the court is a notice of appeal of the April 27 order filed by Kramer.

A recounting of the procedural history will provide some background for the current issues before the court. Following the court's April 27, 2010 order severing the case and

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

denying plaintiffs' motion for class certification, plaintiffs filed a motion for reconsideration of the ruling severing the case as well as a document titled "Petition to Appeal" challenging the denial of their motion for class certification, which was docketed as a notice of appeal. On May 24, 2010, I denied plaintiffs' motion for reconsideration but gave them until June 4, 2010, to file an amended complaint showing that joinder is appropriate and providing adequate notice of the claims. Following their submission of an amended complaint, I concluded in a June 15, 2010 order that joinder was inappropriate. On June 21, 2010 I issued separate orders screening each of their claims in their individual cases.

As for plaintiffs' "Petition to Appeal," the court of appeals issued two orders. First, on May 14, 2010, it administratively closed the appeal that had been initiated by docketing the document as a notice of appeal. Second, on May 21, 2010, the court construed the document as a petition for permission to appeal this court's ruling denying class certification, and then denied the petition.

On June 1, 2010, plaintiff Kramer filed a document titled "Notice of Appeal," but that seemed to be another attempt at filing a petition for permission to appeal the denial of class certification. In a June 3, 2010 order, I stated the following:

> Because plaintiffs' submission is dated May 20, 2010, it seems likely that they filed it believing that the court of appeals did not consider their "Petition to Appeal" a formal petition for permission to appeal and wanted them to submit a new petition. However, because the court later construed their first submission as a petition for permission to appeal and denied it, this new

2

submission is probably moot. In any case, because I have construed this document as a petition for permission to appeal the denial of class certification (which must be presented to the court of appeals) rather than a notice of appeal, I will take no action on it. I note that plaintiffs state that they have sent a copy of this submission to the court of appeals but it does not appear on the appellate docket. I will forward a copy to the court of appeals.

On June 21, 2010, the court of appeals sent back a copy of this submission "for proper filing with [the] court" and asking for transmission of the short record. In addition, it has issued an order suspending the proceedings in the appeal and stating that a decision on plaintiff Kramer's in forma pauperis status is pending in this court. I take this to mean that the court of appeals has construed Kramer's submission as a notice of appeal of the April 27, 2010 ruling severing the cases. (I will not take up the class certification issue because the court of appeals has already denied plaintiffs' previous petition for permission to appeal that ruling.)

I note first that an order severing a civil action is non-final in nature. Cole v. Litscher, 2004 WL 1563272, at *1 (W.D. Wis. July 6, 2004). Thus, I understand plaintiff Kramer to be asking for certification that he can take an interlocutory appeal under 28 U.S.C. §1292(b) from the April 27, 2010 order.

28 U.S.C. § 1292(b) states in relevant part,

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for

3

>difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not a substantial ground for a difference of opinion on the question whether plaintiffs Liebzeit's and Kramer's claims should have been severed. Therefore, I will deny Kramer's request for certification that he can take an interlocutory appeal from the April 27, 2010 order.

Nevertheless, plaintiff Kramer's filing of a notice of appeal triggers a financial obligation: he owes $455 fee for filing his notice of appeal. I will construe his notice of appeal as including a request to proceed in forma pauperis on appeal. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). I will deny Kramer's request because I certify that his appeal from an unappealable non-final order is not taken in good faith.

Because I am certifying plaintiff Kramer's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial

4

of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Plaintiff Kramer should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1. Plaintiff Derek Kramer's motion for the court to certify that an interlocutory appeal may be taken from the April 27, 2010 order in this case, dkt. #49, is DENIED.

2. Plaintiff Kramer's request for leave to proceed in forma pauperis on appeal, dkt. #49, is DENIED. The clerk of court is directed to insure that plaintiff's obligation to pay

the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 28th day of June, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge