IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT,

                                                    ORDER

        Plaintiffs,

                                                    10-cv-170-slc

   v.

MICHAEL THURMER and SAM APPAU,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jonathan Liebzeit has filed motions for reconsideration of the orders in this case dated June 15, 2010 and June 21, 2010. Both of these motions target the court's conclusion that it is premature for plaintiff to seek injunctive relief on his claims that he is being denied the right to engage in certain religious practices because he has not presented these requests to the officials at the New Lisbon Correctional Institution, where he is housed now. Both motions will be denied.

      Plaintiff does not challenge the conclusion that he cannot obtain injunctive relief against officials at his previous prison (where he made his requests for religious accommodation) because they no longer have authority to grant that relief with respect to plaintiff. In addition, he does not challenge the conclusion that he cannot seek injunctive

1

relief against officials at the New Lisbon prison.  Instead, plaintiff seems to believe that it would be appropriate to issue a statewide injunction against officials at the Department of Corrections, but I disagree for two reasons.  First, plaintiff has not identified any policies that prevent individual wardens from allowing particular groups to congregate or allowing individual prisoners to possess certain objects, so he cannot argue successfully that any policy of the department is substantially burdening his religious exercise. It may be that officials at plaintiff's former prison relied on the department's policies regarding religious "umbrella groups" and religious property, but that does not mean that the warden's or chaplain's decisions can be imputed to the department.  As explained in previous orders, the policy on umbrella groups sets forth the department's view of the major religious groups in Wisconsin prisons, but it does not prohibit officials at particular prisons from allowing other groups to meet.  The religious property chart sets forth the religious property that prisoners are presumptively allowed, but it does not establish a limit.  Thus, if the warden or chaplain cited these policies in denying plaintiff's requests, that is a decision of the warden or chaplain, not the department.

Second, even if department policies did prohibit each of plaintiff's requests, this would not mean he would be entitled to an injunction before he seeks relief from New Lisbon prison officials. "[A] plaintiff must show that a favorable decision will likely, not just speculatively, relieve [his] injury." Sierra Club v. Franklin County Power of Illinois, LLC,

546 F.3d 918, 927-28 (7th Cir. 2008). For the purpose of his claims for injunctive relief, plaintiff's injuries are that he is unable to engage in group worship and possess certain religious items. However, declaring department policies to be unlawful could not redress those injuries. That is, even if the department were enjoined from enforcing department policies, plaintiff would still need to obtain permission to engage in group worship or possess religious items from officials at the New Lisbon prison, who might have different reasons than the department, reasons specific to that prison, for denying plaintiff's requests. Thus, before plaintiff would be entitled to an injunction, he would have to file a second lawsuit if New Lisbon prison officials did not agree to his demands.

Accordingly, I adhere to my conclusion that plaintiff may not obtain an injunction under RLUIPA or the free exercise clause on his claims that defendants are prohibiting him from engaging in group worship and possessing certain religious items. Before plaintiff may seek relief in court on this claim, he must request relief from the New Lisbon prison officials.

In the alternative, plaintiff asks for leave to his amend his complaint to include new allegations about the department's policies. Plaintiff has had multiple opportunities to clarify his allegations. The problem is not that his allegations are unclear or incomplete, but that he has failed to seek relief from the officials responsible for granting that relief. Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures,

3

and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them."). Thus, it would be futile for plaintiff to amend his complaint on this issue. Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001) (court may deny leave to amend complaint if doing so would be futile).

Finally, plaintiff asks for reconsideration of the order denying his motion for appointment of counsel. As proof of his need for a lawyer, plaintiff points to the court's disagreement with him about the appropriate scope of this case. However, even the most skillful lawyer does not prevail on every argument. Although I do not agree with everything plaintiff asserts, in his filings thus far he has been articulate and he has demonstrated his ability to understand the law. Nothing I have seen suggests that plaintiff is unable to prosecute this case on his own.

ORDER

IT IS ORDERED that plaintiff Jonathan Liebzeit's motion for reconsideration filed June 29, 2010, dkt. #53, and his motion for reconsideration, or in the alternative for leave

to amend his complaint, filed July 2, 2010, dkt. #57, are DENIED.

Entered this 23d day of July, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge