IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN L. LIEBZEIT,

                                                 ORDER

              Plaintiffs,

                                               10-cv-170-slc

     v.

MICHAEL THURMER and SAM APPAU,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jonathan Liebzeit is proceeding on claims for monetary damages against defendants Michael Thurmer and Sam Appau for violating his rights under the free exercise clause by denying various religious requests he made while housed at the Waupun Correctional Institution.  He has filed three motions that are now before the court: (1) a motion for leave to amend his complaint, dkt. #61; (2) a motion for "clarification," dkt. #65; and (3) a motion to "hold case in abeyance" while he finishes exhausting his administrative remedies for new claims, dkt. #66.

      The first two motions are aimed at reviving his claim for injunctive relief under the free exercise clause and the Religious Land Use and Institutionalized Persons Act.  In an order dated June 21, 2010, dkt. #47, I dismissed this claim as unripe because plaintiff had

1

not yet made his religious requests to prison officials at the New Lisbon Correctional Institution, where he is housed now. I explained the reasoning behind that decision in the June 21 order as well as in the July 23 order denying plaintiff's motion for reconsideration, or, in the alternative, for leave to amend his complaint. Dkt. #59. Plaintiff has not raised any new issues requiring discussion in his two new motions.

Plaintiff's motion for a stay will be denied as well. The court of appeals has stated without qualification that exhaustion must be complete *before* filing a lawsuit. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed."); see also Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003); Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001). The district court is required to "dismis[s] a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Thus, in Ford, the court held that it was proper to dismiss a case for failure to exhaust when the prisoner filed his lawsuit *two days* before he received the decision on his final administrative appeal. In this situation, plaintiff wishes to wait what could be several months while he completes the exhaustion process. That is not consistent with Perez and Ford. Plaintiff is free to dismiss this case voluntarily and bring all of his claims together in a new lawsuit at a later date, but he is not entitled to stay this case indefinitely while he pursues administrative relief at the prison.

ORDER

IT IS ORDERED that plaintiff Jonathan Liebzeit's motions motion for leave to amend his complaint, dkt. #61, for "clarification," dkt. #65 and to "hold case in abeyance" while plaintiff finishes exhausting his administrative remedies for new claims, dkt. #66, are DENIED.

Entered this 30th day of July, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3