IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN L. LIEBZEIT,

                      Plaintiff,                          ORDER

    v.

MICHAEL THURMER and SAM APPAU,              10-cv-170-slc

                      Defendants.

---

Defendants have filed a motion for leave to file a second motion for summary judgment in this prisoner civil rights case in which plaintiff contends that defendants violated his right under the free exercise clause to practice Odinism. I granted defendants' first motion for summary judgment with respect to all claims except one: because defendants failed/forgot to provide any specific justification for prohibiting plaintiff from wearing a religious head garment called a hlath, I allowed that claim to go forward. Defendants suggest that, if the court allows them to remedy their oversight, they can establish that their decision was reasonably related to a legitimate penological interest, or at least that they are entitled to qualified immunity.

Given that defendants put themselves into this bind, if the only question was whether the equities favored a second chance for defendants, I would deny their motion. However, defendants raise a valid point: absent factual disputes, usually it is the court, not the jury, that decides whether a restriction on a prisoner's constitutional rights is reasonably related to legitimate penological interests. Thus, it makes little sense to present this case to a jury if the court will have to decide the claim as a matter of law at the conclusion of the trial. This is why, in other cases in which this court has denied the defendants' motion for summary judgment on a prisoner's First Amendment claim, I have issued an order to the defendants to show cause why

summary judgment should not be granted to the plaintiff. *E.g., Jackson v. Thurmer*, 748 F. Supp. 2d 990, 1007 (W.D. Wis. 2010). I did not do that in this case because a potential issue of fact remained on the sincerity of plaintiff's religious beliefs. Neither side raised that issue in their summary judgment briefs, so I did not consider it.

Because it is unlikely that the court can decide as a matter of law whether plaintiff's sincere religious beliefs were substantially burdened, I will give defendants leave to file a second motion for summary judgment only if they agree to concede this issue in this case. In other words, for the purpose of this lawsuit alone, defendants must stipulate to the sincerity of plaintiff's religious beliefs, so that if defendants lose their motion for summary judgment, then this case will proceed directly to a trial on damages. I will not give defendants a second kick at the summary judgment cat unless they agree that *all* remaining liability issues can be decided as a matter of law. Along these lines, if defendants agree to this condition, then I will allow *both* sides to file new motions for summary judgment. Allowing another round of summary judgment motions makes sense only if the court can resolve liability in favor of either plaintiff or defendants after considering the arguments.

In his response to defendants' motion, plaintiff says that, if defendants are given another opportunity to obtain summary judgment, he should have an opportunity to supplement his evidence with respect to his claims that were dismissed. In particular, he says he can submit additional evidence regarding the ways that DOC officials could accommodate group worship for Odinists and evidence regarding the religious significance of wearing Thor's Hammer on a chain or cord rather than a lanyard. I am denying this request as futile. The evidence plaintiff cites is speculative and it does not necessarily fix the deficiencies in plaintiff's claims, particularly

because he does not suggest that defendants were aware of this evidence when he made his requests.  Prison officials cannot be held liable for money damages if plaintiff failed to make them aware of the relevant facts.  In any event, the evidence plaintiffs cite could not overcome defendants' qualified immunity defense.

ORDER

It is ORDERED that defendants Michael Thurmer and Sam Appau may have one week, until July 7, 2011, to inform the court whether they will concede for the purpose of this case that plaintiff's sincere religious beliefs were substantially burdened by his inability to wear a hlath.  If defendants make this concession, I will set a schedule for briefing the summary judgment motions and strike the trial date.  If defendants fail to respond July 7, then I will deny their motion for leave to file a second motion for summary judgment and the case will proceed to trial as currently scheduled.

Entered this 30th day of June, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge